UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WAYNE DANIELS, | No. 2:25-cv-1939 AC P |
| Petitioner, | |
| v. | ORDER AND ORDER TO SHOW CAUSE |
| SIRCOYA M. WILLIAMS, | |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis application or paid the required filing fee ($5.00), see 28 U.S.C. §§ 1914(a); 1915(a), though he has indicated that he intends to have his wife pay the fee, ECF No. 2. Petitioner will be provided the opportunity to either submit the appropriate application in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

    The court further notes that, after reviewing the petition for habeas corpus, it appears that petitioner has failed to exhaust state court remedies for either of his claims. The petition states that petitioner raised a single claim for jury instruction error in his petition for review in the California Supreme Court on direct appeal. ECF No. 1 at 2. That claim is not raised in the instant petition. Id. at 4-5. Petitioner also states that the claims in the instant petition have not been exhausted and that he has not filed a state habeas petition because of "difficulty in obtaining

trial counsels files." Id. at 5. Review of the California Supreme Court's docket confirms that petitioner has not filed anything else with that court since his direct appeal.

Rule 4 of the Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitioners are required to exhaust state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). "District courts are permitted to *sua sponte* consider threshold constraints on federal habeas petitioners, including claim exhaustion." Atkins v. Montgomery, No. 20-56007, 2024 WL 3594386, at *2, 2024 U.S. App. LEXIS 18985, at *4 (9th Cir. 2024) (citation omitted); Day v. McDonough, 547 U.S. 198, 206 (2006) ("federal appellate courts have discretion to consider the issue of exhaustion despite the State's failure to interpose the defense at the district-court level" (citation omitted)).

The exhaustion doctrine ensures that state courts will have a meaningful opportunity to consider allegations of constitutional violations without interference from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982). A petitioner satisfies the exhaustion requirement by fairly presenting all federal claims to the highest state court before presenting them to the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). This means that "a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate." Preiser v. Rodriguez, 411 U.S. 475, 477 (1973). This total exhaustion requirement has two exceptions: when "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Because the petition is unexhausted on its face, petitioner will be required to show cause why the petition should not be dismissed for failure to exhaust his state court remedies. This means that he must show either that (1) he has presented his claims to the California Supreme Court or (2) an exception to the exhaustion requirement applies. Failure to demonstrate that the claims or exhausted or the exhaustion requirement is excused will result in a recommendation that the petition be dismissed *without prejudice* – which means that petitioner will be free to refile it

following exhaustion of state court remedies.

If the petition is in fact unexhausted, as it appears, petitioner may file a motion to stay this case (rather than have it dismissed) while he returns to state court to exhaust his claims. The Ninth Circuit has held that a petitioner may seek a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), to preserve the filing date of his federal petition, even when the petition contains only unexhausted claims. Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016). In order to obtain a stay under Rhines, petitioner must show that (1) good cause exists for his failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) there has been no indication that petitioner has intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78. If petitioner decides to move for a stay, he must address all three factors. **Petitioner is informed that if the claims in his petition are unexhausted, he does not require and should not wait for an order from this court to exhaust his claims in state court and he should pursue his claims in state court without delay.**

Finally, petitioner may voluntarily dismiss this petition without prejudice while he returns to state court to exhaust his claims, as it appears the statute of limitations has not yet expired. As stated in the petition and conformed on the California Supreme Court's website, petitioner's petition for review on direct appeal was denied on July 24, 2024.[1] ECF No. 1 at 3. Since petitioner indicates that he did not petition for writ of certiorari from the United States Supreme Court, ECF No. 1 at 2, it appears that petitioner's judgement became final on October 22, 2024, at the expiration of the ninety-day period to seek certiorari, Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). This means that, without tolling, the statute of limitations to file a federal habeas petition will expire on October 22, 2025. See 28 U.S.C. § 2244(d)(1) (setting forth one-year statute of limitations). The statute of limitations will be tolled during the time that a *properly* filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). However, the "statute of

---

[1] See Docket for California Supreme Court Case No. S285543, https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?doc_id=3100497&request_token=NiIwLSEnTkw4WyBZSCJNXE5IUEw0UDxTKyNOUz5TQCAgCg%3D%3D&start=1&doc_no=S285543&dist=0&search=party&auth=yes [https://perma.cc/YG5T-THYC]

1  limitations is not tolled from the time a final decision is issued on direct state appeal and the time
2  the first state collateral challenge is filed because there is no case 'pending' during that interval,"
3  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled in part on other grounds, Carey v.
4  Saffold, 536 U.S. 214 (2002), and state habeas petitions filed after the one-year statute of
5  limitations has expired do not revive the statute of limitations and have no tolling effect, Ferguson
6  v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citing Tinker v. Moore, 255 F.3d 1331 (11th Cir.
7  2001)).  Moreover, while the one-year clock re-starts at the conclusion of state court habeas
8  proceedings, it does not re-set.  For example, if petitioner has three months remaining on the
9  statute of limitations when he files his state court habeas petition, then he will have three months
10 from the conclusion of his state habeas proceedings to file a federal habeas petition.  Therefore,
11 because timeliness is dependent upon petitioner's actions, if petitioner chooses to voluntarily
12 dismiss the petition, the court makes no guarantee that a later filed petition will be timely.

13         Accordingly, IT IS HEREBY ORDERED that:

14         1. Petitioner shall submit, within thirty days from the service of this order, an application
15 in support of his request to proceed in forma pauperis or the appropriate filing fee.  Failure to
16 comply with this order will result in a recommendation that this action be dismissed.

17         2. Within thirty days of the service of this order, petitioner shall show cause why the
18 petition should not be dismissed as unexhausted.

19         3. Within thirty days of the service of this order, petitioner may file a motion for stay
20 under Rhines, as set forth above.

21         4. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis
22 form used by this district.

23 DATED: July 16, 2025

24                                          _____
                                             ALLISON CLAIRE
25                                          UNITED STATES MAGISTRATE JUDGE

4