UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WAYNE DANIELS,<br><br>    Petitioner,<br><br>    v.<br><br>SIRCOYA M. WILLIAMS,<br><br>    Respondent. | No. 2:25-cv-1939 AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.    <u>Procedural History</u>

On February 9, 2022, petitioner was convicted of multiple offenses in Sacramento County Superior Court. ECF No. 1 at 1. He appealed the conviction up to the California Supreme Court, which denied his petition for review on July 24, 2024. <u>Id.</u> at 2-3. Petitioner did not petition for certiorari in the United States Supreme Court, <u>id.</u> at 2, and his judgment became final on October 22, 2024, at the expiration of the ninety-day period to seek certiorari, <u>Clay v. United States,</u> 537 U.S. 522, 528 n.3 (2003); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999). At the time of filing the federal petition, petitioner had not filed any state habeas petitions. <u>Id.</u> at 2-3, 5.

////

////

1

The instant petition was filed on July 8, 2025,[1] and asserted two grounds for relief: (1) that trial counsel was ineffective for failing to investigate and present his serious mental illness as a mitigating factor, and (2) that the trial court abused its discretion by denying replacement counsel. ECF No. 1.  By order filed July 16, 2025, petitioner was ordered to show cause why the petition should not be dismissed as unexhausted.  ECF No. 4.  Petitioner was also advised that he could move to stay this case under Rhines v. Weber, 544 U.S. 269 (2009).  Id.  Petitioner has responded to the order by filing a motion to stay which he represents that he has initiated state habeas proceedings.  ECF No. 8.

II.     Legal Standards

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitioners are required to exhaust state remedies before seeking relief in federal court.  28 U.S.C. § 2254(b).  "District courts are permitted to *sua sponte* consider threshold constraints on federal habeas petitioners, including claim exhaustion."  Atkins v. Montgomery, No. 20-56007, 2024 WL 3594386, at *2, 2024 U.S. App. LEXIS 18985, at *4 (9th Cir. 2024) (citation omitted); Day v. McDonough, 547 U.S. 198, 206 (2006) ("federal appellate courts have discretion to consider the issue of exhaustion despite the State's failure to interpose the defense at the district-court level" (citation omitted)).

The Ninth Circuit has held that a petitioner may seek a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), to preserve the filing date of his federal petition, even when the petition contains only unexhausted claims.  Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016).  In order to obtain a stay under Rhines, petitioner must show that (1) good cause exists for his failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) there has been no indication that petitioner has intentionally delayed pursuing the litigation.  Rhines, 544 U.S. at 277-78.  The "good cause" requirement under Rhines does not require a showing of "extraordinary circumstances."  Jackson v. Roe, 425 F.3d 654, 661-62 (9th

---

[1] Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule.  Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

Cir. 2005). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) (citing Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)).

III. Discussion

Petitioner seeks a Rhines stay and argues that he has met each of the requirements for a stay, which he addresses in turn. ECF No. 8.

Petitioner first asserts that good cause exists for his failure to first exhaust his claims in state court because he has faced difficulties in obtaining his files from trial counsel. ECF No. 1 at 5; ECF No. 8 at 2. Between February and June 2025, he made numerous calls to counsel that were ignored, and he sent letters in June and July 2025, which he provides as exhibits. Id. at 2, 9, 11. Petitioner also avers that he has faced delays in obtaining his pre-incarceration mental health records and that he is illiterate and had difficulty finding help to draft his state habeas petition, though he has since obtained assistance and filed a state petition the same day he filed his motion to stay. Id. at 1-2. He argues that the delay in pursing his state habeas petition is due to these circumstances, not any intentional delay on his part. Id. Finally, petitioner argues that his claims have merit and, in addition to incorporating the claims in the instant petition, he includes a copy of his state petition outlining his claims. Id. at 2, 21-26.

The undersigned finds that petitioner has sufficiently demonstrated that a stay under Rhines would be appropriate. In addition to the circumstances set forth by petitioner, the Ninth Circuit has held that the lack of counsel during state post-conviction proceedings constitutes good cause for failure to exhaust claims in state court prior to raising them in this court. Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017) ("[T]he first element of the Rhines test can easily be established to the extent that they were without counsel."). A subsequent unpublished Ninth Circuit opinion found that Dixon applies regardless of whether petitioner actually filed a post-conviction petition. Cage v. Montgomery, 812 F. App'x 679, 680 (9th Cir. 2020).

Moreover, the one-year statute of limitations to file a federal petition has not yet run and, based on petitioner's representation that he has now filed a state habeas petition, may currently be tolled. In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the United States Supreme Court found that

"[a] petitioner's reasonable confusion about whether a state filing would be timely"—and therefore "properly filed" such that it would toll the statute of limitations—constituted good cause to file a federal petition before exhaustion to preserve the federal filing date in case the state petition ultimately did not toll the statute of limitations.  In light of the timeliness concerns petitioner expressed in attempting to obtain his records, see ECF No. 8 at 9, the instant case appears to present a comparable situation.  Here, petitioner has asserted that he delayed in filing a state habeas petition because he has not been able to obtain trial counsel's files, and his reluctance to file a petition without those documents is understandable considering California's requirement that a petition "include copies of reasonably available documentary evidence supporting the claim." People v. Duvall, 9 Cal. 4th 464, 474 (1995).  Moreover, said delay could easily cause reasonable confusion as to whether his petition would be deemed timely, such that he would be entitled to statutory tolling.

For all the reasons outlined above, petitioner has demonstrated good cause for not exhausting his claims in state court prior to filing his federal petition.  For these same reasons, "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics," Rhines, 544 U.S. at 278, and after being directed to show cause why the petition should not be dismissed as unexhausted, petitioner sought a stay and simultaneously prepared and filed a state habeas petition, see ECF No. 8 at 1.

Finally, petitioner's claims have potential merit.  He asserts that trial counsel was ineffective after he failed to investigate or present evidence of petitioner's serious mental illness as a mitigating factor and that the trial court erred when it refused to appoint substitute counsel after the serious breakdown in the attorney-client relationship. ECF No. 1 at 4; ECF No. 8 at 21-26.  Both claims are cognizable in federal habeas and therefore have potential merit.  See Evans v. Lewis, 855 F.2d 631, 637 (9th Cir. 1988) (holding that the failure to investigate the possibility of mental impairment cannot be construed as a trial tactic where relevant available documents are not even reviewed by counsel); Clark v. Broomfield, 83 F.4th 1141, 1156 (9th Cir. 2023) (denial of motion to substitute violates defendant's constitutional rights were conflict between counsel and defendant creates an "irreconcilable conflict").

IV.   Conclusion

For the reasons set forth above, the motion for stay should be granted.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's motion for a stay under Rhines v. Weber, 544 U.S. 269 (2005) (ECF No. 8) be GRANTED and the case be STAYED pending petitioner's exhaustion of his state court remedies;

2. Petitioner be directed to file a case status report every sixty days, advising the court of the progress of his state habeas petition;

3. Petitioner be directed that, within thirty days of a decision by the state's highest court exhausting his new claims, he must notify this court of the decision and at that time request a lift of the stay; and

4. The Clerk of the Court be directed to administratively close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 9, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE